IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ALVIN PAULINO | § | |
| v. | § | CIVIL ACTION NO. 5:08cv110 |
| UNITED STATES OF AMERICA, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

The Plaintiff Alvin Paulino, a former federal prisoner proceeding *pro se*, filed this civil action under the Federal Tort Claims Act and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Paulino complained about the medical care which he received at the Federal Correctional Institution at Texarkana, including claims that he did not receive treatment for congenital heart disease, hypertension, Type II diabetes, and hepatitis C; that he was supposed to have a heart operation but never did, despite medical records showing that he had a "five valve bypass"; and, that he was threatened with punishment for filing grievances.

After review of the pleadings and the summary judgment evidence in the case, the Magistrate Judge issued a Report recommending that the motions to dismiss filed by the Defendants be granted and that the lawsuit be dismissed with prejudice. The Magistrate Judge determined that: the Defendants were not deliberately indifferent to his serious medical needs; Paulino failed to set out a claim under the Federal Tort Claims Act because he failed to offer expert evidence showing that the care he received fell below accepted community standards; Paulino failed to exhaust his

administrative remedies under the Federal Tort Claims Act; and, Paulino failed to set out a viable claim of retaliation. Paulino did not file objections to the Report of the Magistrate Judge recommending dismissal, and so the lawsuit was dismissed with prejudice on September 15, 2009.

On October 26, 2009, Paulino filed a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P., saying that "notions of fair play and substantial justice" are offended if a *pro se* case is dismissed with prejudice on the basis of a procedural default or without giving the plaintiff the opportunity to amend. He asked that the dismissal be amended to show that it was without prejudice. The Magistrate Judge issued a Report recommending that the motion be denied, and Paulino has filed objections to this Report.

In his objections, Paulino states that "their misconnection was misconstrued" in Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998), because in that case, the purpose of the inquiry dealt with proceeding *in forma pauperis*. He cites Carbe v. Lappin, 492 F.3d 325 (5th Cir. 2007) in support of this assertion. He also states that he wants to amend his complaint, that he objects to the recommendation that his motion be denied, that he is homeless and unable to work and cannot afford a new filing fee, and that relief should be granted based on "principles of reasonableness and fairness."

In Underwood, the Fifth Circuit affirmed a dismissal of a civil rights lawsuit for failure to exhaust administrative remedies. This dismissal was "with prejudice for purposes of proceeding *in forma pauperis*." In the present case, the Court noted that Paulino had failed to exhaust his administrative remedies, which was an alternative basis for dismissal, but concluded that his claims lacked merit on their face and so the Defendants were entitled to summary judgment. Carbe v. Lappin states that a *sua sponte* dismissal for failure to exhaust is improper where the complaint is silent as to exhaustion, but that case is wholly inapplicable because the dismissal in the present case was not *sua sponte*, but was done after a responsive pleading raising the affirmative defense of failure to exhaust.

Paulino had ample opportunity to amend his complaint before it was dismissed and fails to show what amendment he could present at this time which would justify setting aside the final judgment. The docket shows that Paulino filed amended complaints on October 22, 2008 and March 27, 2009, and so his contention that he did not have an opportunity to amend his complaint is spurious. The fact that he is homeless and unable to work, while unfortunate, is not a basis for setting aside the final judgment. Nor has he shown that "principles of reasonableness and fairness" require that the final judgment in this case be set aside. Paulino's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the motion for relief from judgment, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 63) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for relief from judgment (docket no. 60) is hereby DENIED.

**SIGNED this 23rd day of August, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE